

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> ) <br> v. ) <br> ) <br> DARVELL D. YORK, ) <br> ) <br> Defendant-Movant. ) <br> ) | No. 10 C 5098 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

On September 8, 2006, a jury convicted Movant Darvell York of knowingly and intentionally distributing 249 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). January 8, 2007, the Court sentenced York to 360 months in prison and ten years of supervised release. On July 15, 2009, the Seventh Circuit affirmed York's conviction and sentence. *United States v. York*, 572 F.3d 415 (7th Cir. 2009). York now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court DENIES his motion.

## *ANALYSIS*

York sets forth two bases for his motion. First, he claims his attorney rendered ineffective assistance of counsel by failing to investigate the testimony that the confidential informant in the case, Tracy Mitchell, would have given at trial and, as a result, by failing to call him to testify. Second, he claims that the prosecution engaged in prosecutorial misconduct by failing to disclose the details of Mitchell's statements and by suborning perjury about Mitchell's statements from the witnesses who did testify. York's conviction was based on his sale of drugs to Mitchell during a

1

controlled transaction organized by law enforcement. Both of York's claims rest on the premise that had Mitchell testified, he would have stated that York never actually handed Mitchell any drugs that day.

York provides an affidavit signed by Mitchell. In the affidavit, Mitchell states that York did not actually hand him drugs that day. Instead, Mitchell asked York to sell him drugs and York arranged for Mitchell to procure drugs from someone else. York then picked the seller up in his car, and drove him to Mitchell. That person handed Mitchell the drugs and Mitchell handed York the money in return. York believes that these statements by Mitchell are exculpatory. However, they are not. The jury at York's trial was instructed, consistent with Seventh Circuit Pattern Jury Instruction 5.06, and case law, *see United States v. Salazar*, 983 F.2d 778, 782 (7th Cir. 1993), that a defendant who knowingly aids, counsels, commands, induces, or procures the commission of the offense is guilty of the offense, and if a defendant knowingly causes another's acts, he is responsible for those actions as though he personally committed them.[1] Thus, York could be guilty of distributing drugs even if he did not physically hand them to Mitchell and instead arranged for them to be handed over by someone else. *See United States v. Plato*, 629 F.3d 646, 653 (7th Cir. 2010) ("That [defendant] did not physically hand over the drugs is of no consequence.").

Moreover, Mitchell's statements in his affidavit mirror his testimony before the grand jury, which was available to both York's counsel and the prosecution. They are also not in conflict with the testimony by the Government's witnesses. The Government's witnesses never claimed that York

---

[1] This is so despite York's citation to the common law rule that only allowed conviction of an accessory if the principal was convicted as well. In fact, the very case York cites in support of that rule, *Standefer v. United States*, 447 U.S. 10, 100 S. Ct. 1999, 64 L. Ed. 2d 689 (1990), explains in detail how the common law rule was superseded by various statutes, including 18 U.S.C. § 2, which "abolished the distinction between principals and accessories and made them all principals." *Id.* at 15-19, 100 S. Ct. at 2003-06. (omitting internal brackets and quotations).

2

actually handed the drugs to Mitchell. In short, no information was provided to York, his counsel, or the jury that conflicts with Mitchell's statement that York did not actually hand him the drugs. If Mitchell had testified, it seems he would have simply corroborated the government's story with eyewitness testimony.

Because the evidence presented to York and at trial did not conflict with Mitchell's statements, and because Mitchell's statements in no way absolve York of guilt, York cannot show that he was prejudiced by any of the errors he alleges by his counsel and the Government. Thus, the Court need not address the other factors York must prove in order to succeed on his claims, because without showing prejudice, York cannot succeed. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984) (in order to succeed on a claim of ineffective assistance of counsel, a movant must show, among other things, that his counsel's deficient performance prejudiced his defense); *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008) (in order to succeed on a claim that the government failed to turn over exculpatory evidence, the movant must demonstrate, among other things, that "there is a reasonable probability that prejudice ensued").

## *CONCLUSION*

For all of the above reasons, the Court DENIES Movant's motion.

IT IS SO ORDERED.

8/16/11
Dated

Hon. William J. Hibbler
United States District Court