MM-T

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARVELL D. YORK, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | No. 10 C 5098 <br><br> Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Darvell D. York's *pro se* motion for relief from the district court's denial of his section 2255 petition to vacate, set aside, or correct his sentence pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the Court denies York's Rule 60(b) motion, and this case is dismissed with prejudice.

## BACKGROUND

Following a jury trial presided over by our departed colleague, Judge William J. Hibbler, York was found guilty of knowingly and intentionally distributing 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) on September 8, 2006. On January 8, 2007, Judge Hibbler sentenced York to 360 months in prison, followed by ten years of supervised release. On July 15, 2009, the Seventh Circuit affirmed York's conviction and sentence. *United States v. York*, 572 F.3d 415 (7th Cir. 2009).

On August 13, 2010, York filed the instant *pro se* petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (R. 1, Pet.) York argued that: (1) his attorney rendered ineffective assistance of counsel by failing to investigate or interview the confidential informant in the case, Tracy Mitchell, before trial and by failing to call Mitchell to testify at trial;

and (2) the prosecution engaged in prosecutorial misconduct by failing to disclose the details of Mitchell's statements and by eliciting perjured testimony at trial regarding Mitchell's statements. (*Id.* at 7-13.) On August 16, 2011, the district court denied York's section 2255 petition. *United States v. York*, No. 10 C 5098, 2011 WL 3651326 (N.D. Ill. Aug. 16, 2011) (Hibbler, J.). The court found that because York could not show that he was prejudiced by any of the errors he alleged his counsel and the prosecution committed, he could not succeed on either of his claims. *Id.* at *2.

On August 30, 2011, York filed his notice of appeal. (R. 14, Not. App.) On September 6, 2011, the district court denied York's request for a certificate of appealability. (R. 16, Min. Entry.) The Seventh Circuit denied York's request for a certificate of appealability on June 1, 2012. (R. 25, 7th Cir. Order Denying COA.)

On October 18, 2012, York moved the district court for relief from its denial of his section 2255 petition pursuant to Rule 60(b). York's case was reassigned to this Court, and his Rule 60(b) motion is presently before the Court.

## LEGAL STANDARDS

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). A Rule 60(b) motion permits relief from a final judgment, order, or proceeding when it is based on one of six specific grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (explaining that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)—they cannot be general pleas for relief"). "Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause [in Rule 60(b)(6)] are mutually exclusive. Thus, if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available." *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989) (internal citations omitted); *see also Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013) ("[C]ourts read the Rule 60(b) subsections to be 'mutually exclusive,' meaning if relief is available under a more specific subsection, it is not available under subsection (6)."); *Thomas v. Acevedo*, No. 12 C 10329, 2013 WL 4506933, at *1 (N.D. Ill. Aug. 23, 2013) ("Rule 60(b)(6) is not intended to be a catchall escape hatch, available to rescue a party who . . . has expressly failed one of the specific grounds for relief set out in [the other subsections of Rule 60(b)].").

Section 2255 allows an incarcerated prisoner to request his sentence be vacated on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under 28 U.S.C. § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a

complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation marks omitted)). An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Rule 60(b) relief is available to a petitioner seeking to reopen a previously dismissed action under section 2255, so long as the motion is indeed a genuine Rule 60(b) motion that attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "[A] Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *Id.* at 534; *see also Hare v. United States*, 688 F.3d 878, 880 n.3 (7th Cir. 2012) (The court should "look at the substance of a motion rather than its title to determine whether it is a successive collateral attack" in order "to police attempted end-runs around the successive petition limitations of § 2255 by restyling motions in different ways."); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) ("Often a prisoner will file a motion under Rule 60(b) . . . but the ground of the motion and the relief he seeks will mark the motion as functionally a . . . motion under section 2255, because it challenges the legality of his detention and seeks his release."). Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [section 2244(b)] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007) ("Unless and

4

until the movant seeks and obtains permission from the court of appeals to file [a second or successive] motion, the district court is without jurisdiction to entertain his request.").

## ANALYSIS

York argues that he should receive relief under Rule 60(b) because the district court "committed two procedural errors affecting the integrity of the § 2255 proceeding." (R. 28, Pet'r's Mot. at 3.) York contends that the district court "erred by not holding an evidentiary hearing," and erred in "disregard[ing] the well-established rule that pro se pleadings from prisoners are to be construed liberally." (*Id.* at 3-4.) York does not specify which subsection of Rule 60(b) he seeks relief under. His claims for relief, however, appear to fall squarely within the ambit of subsection 1 because he is arguing that the district court made procedural mistakes, (*id.* at 4). *See Mendez*, 725 F.3d at 658 (finding that the "mistake" and "inadvertence" language of subsection 1 "includes inadvertence on the part of both courts and parties").

I. **Whether York's Rule 60(b) motion is time-barred**

Rule 60(b) motions under subsections 1 through 3 must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The district court denied York's section 2255 petition on August 16, 2011. *York*, 2011 WL 3651326. York did not file his Rule 60(b) motion until October 18, 2012, over one year after the entry of judgment. (R. 28, Pet'r's Mot.) York filed a request for a certificate of appealability with the Seventh Circuit, however, the filing of an appeal does not toll the one year statute of limitations period. *United States ex rel. Bonner v. Warden, Stateville Corr. Ctr.*, 78 F.R.D. 344, 346 (7th Cir. 1978) (citing *Carr v. District of Columbia*, 543 F.2d 917, 926 (D.C. Cir. 1976); *Bershad v. McDonough*, 469 F.2d 1333, 1336 (7th Cir. 1972)). Thus, because York filed his

5

Rule 60(b) motion more than one year after the denial of his section 2255 petition, York's motion is untimely as a Rule 60(b)(1) motion.

The one-year limitation does not apply to the catchall subsection of Rule 60(b), subsection 6. Instead, a motion under Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Seventh Circuit has indicated that courts should "read the Rule 60(b) subsections to be 'mutually exclusive,' meaning if relief is available under a more specific subsection, it is not available under subsection (6)" in order to "prevent parties from using the subsection (6) catch-all to circumvent the one-year limit on relief under subsections (1) through (3)." *Mendez*, 725 F.3d at 657 (citing *Pioneer Inv. Servs. Co. v. Brunswick Asssocs. Ltd. P'ship.*, 507 U.S. 380, 393 (1993)). Because York's claims of error fall under subsection 1, he cannot rely on subsection 6 to avoid the one-year limitation period. For the sake of completeness, however, and because of the liberal construction afforded to *pro se* pleadings, the Court will satisfy itself that York's claims are not successful under Rule 60(b)(6).

## II. Whether York is entitled to relief under Rule 60(b)(6)

Rule 60(b)(6) provides relief from a judgment for "any reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6), the "catchall" provision, "requires a showing of extraordinary circumstances justifying the reopening of a final judgment and such circumstances will rarely occur in the habeas context." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (quoting *Gonzalez*, 545 U.S. at 535) (internal quotation marks omitted).

Here, York argues that the district court erred by not holding an evidentiary hearing on his section 2255 petition. (R. 28, Pet'r's Mot. at 4-5.) A district court may dismiss a section 2255 petition without holding a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Gallo-*

*Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005). York contends that because the district court ordered the government to respond to his section 2255 petition, it follows that the court concluded that "the motion and the files and records of the case" did not conclusively show that he was entitled to no relief. (R. 28, Pet'r's Mot. at 5.) York therefore argues that according to the plain language of section 2255(b), he was entitled to an evidentiary hearing. (*Id.*) York's interpretation of section 2255(b) is incorrect. Courts are allowed to consider all the "files and records of the case," including the government's response, when determining whether or not to grant an evidentiary hearing on a section 2255 petition. *See Koons v. United States*, 639 F.3d 348, 355 (7th Cir. 2011) (affirming district court's denial of petitioner's section 2255 petition without granting an evidentiary hearing where the government had filed a response to the petition); *Hutchings v. United States*, 618 F.3d 693, 699-700 (7th Cir. 2010) (same); *Galbraith v. United States*, 313 F.3d 1001, 1009-10 (7th Cir. 2002) (same). Thus, the district court's consideration of the government's response does not automatically require the court to hold an evidentiary hearing.

A district court must grant an evidentiary hearing "when the petitioner 'alleges facts that, if proven, would entitle him to relief.'" *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)). York provided the district court with an affidavit signed by Mitchell that stated that York did not actually hand him drugs on the day York was arrested for knowingly and intentionally distributing crack cocaine. *York*, 2011 WL 3651326, at *1. The court concluded that "[b]ecause the evidence presented to York and at trial did not conflict with Mitchell's statements, and because Mitchell's statements in no way absolve York of guilt, York cannot show that he was prejudiced by any of the errors he alleges by his counsel and the Government." *Id.* at *2. The court therefore denied York's

7

petition without holding an evidentiary because it found that York had not "allege[d] facts that, if proven, would entitle him to relief." *See Kafo*, 476 F.3d at 1067. This Court will not re-examine the merits of York's section 2255 petition. *See Gonzalez*, 545 U.S. at 538. This Court simply concludes that the absence of an evidentiary hearing on York's petition did not constitute a procedural error. Thus, York's argument that the district court committed a procedural error by not holding an evidentiary hearing fails on its merits and, consequently, he cannot make the requisite showing of "extraordinary circumstances" to justify reopening his section 2255 petition under Rule 60(b)(6).

Additionally, York argues that he is entitled to relief under Rule 60(b) because the court "disregarded the well-established rule that pro se pleadings from prisoners are to be construed liberally." (R. 28, Pet'r's Mot. at 3.) York characterizes this as a procedural error, but in essence, his argument attacks the court's ruling on the merits of his section 2255 petition. York is essentially asking this Court to reconsider the merits of his section 2255 petition with a liberal reading of his pleadings in mind. As explained above, a motion seeking to revisit the merits of a section 2255 petition, regardless of how the motion is labeled, is considered a second or successive habeas petition. *See Gonzalez*, 545 U.S. at 538; *Carraway*, 478 F.3d at 848-49. A district court lacks jurisdiction to rule on a second or successive petition unless a petitioner has first obtained permission from the court of appeals to file it. *Curry*, 507 F.3d at 604 ("If a Rule 60(b) motion is really a successive postconviction claim, the district court will lack jurisdiction unless the prisoner has first obtained [the Seventh Circuit's] permission to file it."). This Court thus has no jurisdiction to consider York's argument because he has not received permission from the Seventh Circuit to file a second or successive petition.

8

Accordingly, the Court finds that York is not entitled to relief under Rule 60(b)(6) and therefore must deny his Rule 60(b) motion.

## CONCLUSION

For the foregoing reasons, York's Rule 60(b) Motion (R. 28) is DENIED and the case is dismissed with prejudice.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: July 2, 2014**